UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JANE DOE,

                Plaintiff,

       -against-

MEI YU ZHENG, *et al.*,

                Defendants.
------------------------------------------------------------x

**ORDER**

25-CV-03215 (NRM) (JRC)

**NINA R. MORRISON**, United States District Judge:

    Plaintiff filed this action, *pro se*, in the United States District Court for the Southern District of New York, seeking to proceed anonymously.[1] The Southern District transferred the action to this Court on June 9, 2025. EFC No. 5. Plaintiff brings claims under 42 U.S.C. § 1983, alleging that Defendants illegally evicted her from her Queens, New York, apartment and unlawfully arrested her. Named as Defendants are her former landlord; the New York City Police Department ("NYPD") 115th and 118th Precincts; Judge David Bryan, a Queens County Housing Court judge; attorney Allen Popper, of the Queens County Public Defender's Office; and John Does 1-10. Along with the complaint, Plaintiff filed a request to proceed *in forma pauperis* ("IFP"), which the Court notes, despite her wish to proceed anonymously, includes her name. ECF No. 2.

---

[1] Plaintiff notes that she is temporarily living in the District of Columbia. She fails to provide an address, phone number or email address for the Court to contact her. Plaintiff may also receive electronic notification of Court-issued orders by completing a Consent for Electronic Notification form.

1

For the reasons noted below, Plaintiff's requests to proceed anonymously and to proceed IFP are denied. The Court directs Plaintiff, within 30 days from the date of this Order, to (1) file an amended complaint with Plaintiff's legal name, signature, and address; and (2) either pay the $405.00 in fees or submit an amended IFP application with Plaintiff's legal name, signature, and address.

## STANDARD OF REVIEW

### A.  Plaintiff's Motion to Proceed Anonymously

Rule 10(a) of the Federal Rules of Civil Procedure provides that "[t]he title of [a] complaint must name all the parties." "This requirement . . . serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188–89 (2d Cir. 2008); *Guy v. Fam. Dollar Store Owner,* No. 23-CV-230, 2023 WL 1766117, at *1 (S.D.N.Y. Feb. 3, 2023). "The use of pseudonyms in place of the true identities of the parties 'runs afoul of the public's common law right of access to judicial proceedings . . . a right that is supported by the First Amendment.'" *Doe v. Barr*, 479 F. Supp. 3d 20, 25 (S.D.N.Y. 2020) (citing *Doe v. Del Rio*, 241 F.R.D. 154, 156 (S.D.N.Y. 2006)).

Courts have, however, permitted parties to proceed under a pseudonym or anonymously in limited circumstances. In deciding whether to permit a party to proceed anonymously, the United States Court of Appeals for the Second Circuit has articulated a non-exhaustive list of ten factors that courts should consider, including:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed

>anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff,* 537 F.3d at 189–190 (citation modified). This inquiry "does not require a district court 'to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion.'" *Rapp v. Fowler*, 537 F. Supp. 3d 521, 527 (S.D.N.Y. 2021) (quoting *Sealed Plaintiff*, 537 F.3d at 191 n.4).

Plaintiff requests permission to proceed anonymously due to "well-documented and ongoing retaliation, including illegal arrests, property theft, fabricated court orders, and intimidation following a prior federal filing . . . against NYPD and state actors." ECF No. 1 at 1[2]. However, this particular action does not involve highly sensitive matters, nor has Plaintiff demonstrated that identifying her by name as the Plaintiff in this case will create a credible risk of retaliatory action or other harm.

---

[2] Page reference refers to the pagination generated by the Official Court Electronic Document Filing System (ECF).

3

Additionally, Plaintiff's request to proceed IFP includes her legal name, and she attaches 82 pages of exhibits, including state court documents that features the same name noted on her IFP application. Therefore, there is no basis for Plaintiff to proceed anonymously. *See, e.g.*, *Anonymous v. Doe,* No. 23-CV-4563, 2023 WL 4471798, at *3 (E.D.N.Y. July 7, 2023) (denying Plaintiff's request to proceed anonymously).

### B. Filing Fees or IFP Application

To proceed with a civil action in this Court, a plaintiff must either pay $405.00 in fees or request authorization to proceed IFP by submitting a signed IFP application. The Court notes that Plaintiff refers to herself by name on the long form IFP application she submitted, but leaves most of the form blank. "Because no one can live on no income and no assets, affidavits asserting that the plaintiff has no income and no assets without further explanation 'must be incomplete and, by extension, fail to support *in forma pauperis* status.'" *Jones v. ACS/Queens Field Off.*, 23-CV-5742, 2024 WL 2818138, at *1 (E.D.N.Y. June 3, 2024) (quoting *Amanda M. v. Kijakazi*, No. 22-CV-353, 2022 WL 1395941, at *1 (D. Conn. Apr. 29, 2022)); *Simmons v. NYC Dept. of Corrections*, No. 23-CV-7101, 2024 WL 4436427, at *1 (E.D.N.Y. Oct. 7, 2024). Therefore, within 30 days of the date of this Order, Plaintiff must either pay the $405.00 in fees or submit a completed IFP application with her legal name, address, and signature.

### CONCLUSION

For the reasons noted below, Plaintiff's motions to proceed anonymously and for IFP status are denied. If Plaintiff still wishes to proceed with this action, the

Court hereby directs her, within 30 days from the date of this Order, to (1) file an amended complaint with Plaintiff's legal name, signature, and address; and (2) either pay the $405.00 in fees or submit an amended IFP application including Plaintiff's legal name, signature, and current address.

The Court grants the Plaintiff leave to file an amended complaint within 30 days. It must be captioned "Amended Complaint" and bear the same docket number as this order. No summons will issue at this time. If Plaintiff fails to comply with this Order within the time allowed, the action will be dismissed without prejudice.

A Complaint form and long form IFP application are attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

                                                        */s/ Nina R. Morrison*
                                                    NINA R. MORRISON
                                                   United States District Judge

Dated:       October 08, 2025
                Brooklyn, New York